EASTER *v.* A. E. HUMPHREY, trading as DISTRICT CONTRACTING COMPANY

[No. 18, October Term, 1955.]

*Decided November 8, 1955.*

Submitted on briefs to BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*G. Gregg Everngam* and *James F. Tomes,* on the brief for appellant.

*Stanley B. Frosh,* on the brief for appellee.

HAMMOND, J., delivered the opinion of the Court.

This appeal challenges determinations of fact by the trial court, sitting without a jury, which resulted in a judgment for the plaintiff, a builder, in his suit to recover for the cost of labor and materials not included in a contract to build an addition to a house.

The appellant, the home owner, tells us that there should have been no recovery because there was an accord and satisfaction between the parties and, in the alternative, no proper evidence as to the value of the extra labor and materials and, finally, claims that in any event the amount allowed by the trial court was excessive by several hundred dollars.

The case turned below, as it does here, entirely on questions of fact. Since the matter was tried by the court without a jury, the provisions of the General Rules of Practice and Procedure, Part Three, III, Rule 9 (c),

apply, and the judgment will not be set aside on the evidence "unless clearly erroneous"; in determining whether there was error, the Court must have always in mind the opportunity of the trial court to judge the credibility of the witnesses. We have measured the evidence by this yardstick and the measurement calls for affirmance.

The parties entered into a written contract under which the appellee was to build an addition to the house of the appellant, according to plans and specifications, for a named sum. In the course of the work, extras were ordered by the home owner and in a number of instances changes were made in the plans and specifications or a substitution of material called for. There were complaints by the owner as to the quality of some of the work, particularly the painting in several rooms. Finally, the work was substantially completed and the builder was anxious to be paid the balance due on the contract price. The money was in a building association and to obtain it, it was necessary to have a release of liens. He requested the owner to sign such a release. The parties differ as to what occurred thereafter.

The owner's version is that he would not sign the release until the builder agreed to make no charge for the extra work and labor and to allow as credits on the contract price the cost of items that he himself had paid for or provided. He says further that the builder acceded to these demands and on a named date, paid him $265.41, constituting, in his words: "* * * an adjustment of cash due me for material and services I had furnished towards the project * * *." Of this sum, $135.00 represented the cost of repainting two rooms and was allowed by the builder so that the owner could pay direct for extra coats of paint.

The builder's version is that he agreed to pay the $265.41, including the $135.00 for the extra coats of paint, in order to obtain the release of liens, but that it was understood and agreed that the payment settled only the differences of opinion between the parties as

to the performance of, and payment for, the original contract, and did not satisfy the claims for extra work and labor which were left in abeyance. The trial court found that the builder's version was the credible one and decided that there had been no accord and satisfaction because there had been no agreement by the parties that all disputed claims, including which, if any, extras were to be paid for, were to be settled. There is written evidence to support the court's determination. At the time the money was paid, the parties signed a paper writing which recited that there had been paid to the owner $265.41 "* * * to secure release of liens on contract between Roy S. Easter and District Contracting Co." It was then recited that "This payment does not include extra work performed by District Contracting Co. * * *." The owner's explanation of why he signed this paper is that he relied on the builder's verbal assurances that extras were covered by the settlement, and "stumbled over" the contrary statement in the writing. Significant, too, in support of the correctness of the court's ruling, is that it was only a day or two after the signing of the paper that the builder formally demanded some fifteen hundred dollars, the cost of twenty-six items claimed by him to constitute the extra work and labor, and the amount for which he sued.

The appellant's claim that there was no proper evidence as to the reasonable value of the materials furnished need not detain us long. The builder is conceded to be experienced. He testified that the owner had specifically agreed to the charge for some of the items of extra work and labor and, as to the others, had agreed to cost plus a reasonable overhead. He then testified that the cost of the labor, material and overhead was fair and reasonable as to each of the items. The record indicates that this testimony was once given without objection and, at another time, was admitted over the owner's objection. It is clear that a builder of experience who has performed work and labor may testify that the cost was

fair and reasonable. It is to be noted, too, that the owner produced no testimony whatever to the contrary.

The owner says that the judgment was excessive in amount because the builder testified that the owner had not specifically agreed to pay for certain of the items sued on. As we have said, there was evidence from which the court could properly have found, as it did, that the owner had agreed expressly or impliedly to pay a fair and reasonable charge for each of the items for which claim was made. The court went over the items carefully, one by one, hearing testimony as to the circumstances which gave rise to the work on which the claim was based and what a fair charge would be. The evidence was quite detailed and full consideration was given to the points of view of both sides. After the judgment had been entered, the owner employed new counsel, who made timely motions to reopen the case for a new trial and a reconsideration of the amount of the judgment. The court granted the motion and made a further allowance to the owner, resulting in a final judgment that was some five hundred dollars less than the amount sued for. We think that the appellant had no basis to complain as to the amount of the judgment.

*Judgment affirmed, with costs.*